```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

**ANTONIO SANCHEZ BROWN**                                              **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 4:09-cv-90-TSL-LRA**

**LAUDERDALE COUNTY DETENTION FACILITY**                              **DEFENDANT**

MEMORANDUM OPINION AND ORDER

    Plaintiff, an inmate incarcerated in the Lauderdale County Detention Facility, Meridian, Mississippi, filed this complaint pursuant to § 1983 and requested in forma pauperis status on June 30, 2009. On July 22, 2009, an order [7] was entered directing plaintiff to file a written response on or before August 11, 2009. The plaintiff was warned in this court's order [7] of July 22, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. On August 25, 2009, plaintiff filed correspondence [9] with this court inquiring into the status of his case. The court mailed a copy of the docket sheet to plaintiff. This correspondence in no way complied with this court's order [7]. Plaintiff failed to comply with this court's order [7].

    In an order [10] entered September 10, 2009, plaintiff was directed to show cause why this case should not be dismissed for his failure to comply with this court's order [7]. In addition, plaintiff was directed to comply with the July 22, 2009 order [7] on or before September 25, 2009. The plaintiff was warned in this court's order [10] that failure to timely comply with the

requirements of the order may lead to the dismissal of his complaint. Plaintiff failed to comply with this order [10].

Plaintiff has failed to comply with two court orders and has not contacted this court since August 25, 2009. This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action <u>sua</u> <u>sponte</u>. <u>See</u> <u>generally</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>Larson v. Scott</u>, 157 F.3d 1030 (5th Cir.1998); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. <u>Link</u>, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. <u>Id</u>. at 629-30.

The court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the defendant has not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice. <u>See</u> <u>Munday/Elkins Auto.</u>

Partners, LTD. v. Smith, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's complaint shall be dismissed without prejudice. A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the 19th day of October, 2009.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE